THE STATE, DEFENDANT IN ERROR, v. ALEXANDER
THOMPSON, PLAINTIFF IN ERROR.

Submitted December 6, 1907—Decided February 24, 1908.

On the trial of a defendant for bigamy it appeared that prior to the
alleged bigamist marriage the defendant had entered into a com-
mon-law marriage with another woman, which was followed by
cohabitation. *Held,* that such contract and cohabitation consti-
tuted an actual marriage, and that a ceremonial marriage was not
required to establish defendant's guilt as a bigamist if he married
another.

On error to the Court of Special Sessions of Passaic
county.

Before GUMMERE, CHIEF JUSTICE, and Justice BERGEN.

For the plaintiff in error, *Wood McKee.*

For the defendant in error, *Eugene Emley.*

The opinion of the court was delivered by

BERGEN, J. The defendant was tried and convicted of
the crime of bigamy, and there was evidence justifying the
finding that the defendant, after having entered into a com-
mon-law marriage with one Marie Reid, afterwards married
another woman by the name of Nellie Reynolds.

The case shows that the defendant having been indicted
for the crime of bigamy, waived his right to a trial by jury,
and requested a trial before the court. After the testimony
had all been taken, and the cause rested on both sides, counsel
for the defendant moved for the discharge of the defendant
for want of proof of marriage sufficient to hold the defendant
on the charge of bigamy, insisting that proof of marriage
by reputation was not sufficient to hold the defendant on the
charge made against him. This motion was denied, and an
exception was taken. The evidence on behalf of the state

shows that some time in the month of September, 1901, the exact date is not given, the defendant being in the company of Marie Reid, suggested that they be married; that defendant took the woman before a person whom he represented to be James H. Cocker, justice of the peace; that the parties stood up before the supposed justice, who asked the defendant if he took the said Marie Reid as his wife, to which the defendant answered yes; that the woman was asked if she took the defendant for her husband, and she said yes; that they did not live at the same place until about December 10th, 1901, when the woman became pregnant, and asking the defendant what they should do, he told her that she had better tell her mother, which she did, and immediately thereafter she and the defendant began living together at her mother's house as husband and wife, and remained there for a short time; that subsequently they went to live at the house of defendant's sister and lived there about two months, when the child was born; that in November, 1902, the defendant rented apartments in a house in Paterson, and that she and the defendant lived there as husband and wife until the fall of 1905, when they separated, owing to a quarrel over his attentions to another woman; that the child was baptized in a Roman Catholic Church in the city of Paterson, one of the sponsors being asked to attend at the ceremony by the defendant. It also appeared that on one occasion the defendant had introduced this woman and child as his wife and child; that before the second marriage the defendant had made a written application for employment, and in answer to printed questions in the application he said he was married, that he was housekeeping and his place of residence was 95 Market street, Paterson, which was the place where he was then living with Marie Reid. There were other witnesses testifying to the fact that the defendant had recognized and introduced Marie Reid as his wife. This evidence justified the finding that there was manifested by these parties an intent to live together as husband and wife, and with the intention carried out by their so living, an actual marriage is established. *Chamberlain* v. *Chamberlain*, 2 *Robb*. 736.

It is insisted by the defendant that a ceremonial marriage contract is required to establish his guilt as a bigamist if he married another, and that a sufficient marital relation was not proven.

We are of opinion that under the law of this state the contract followed by cohabitation as shown in this case is just as lawful a marriage as if it had been ceremoniously celebrated, and that this defendant was a married man, with a wife living when he married Nellie Reynolds, and that when he married her he committed the crime of bigamy.

The judgment under review is affirmed.